UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF KANSAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PRINCETON KAOLIN PATTERSON, et al.,<br><br>　　　　　Defendants. | Case No. MC24-0033-LK<br><br>REPORT AND RECOMMENDATION |

　　　This matter was removed to this Court as a "Proposed Criminal Removal from Kansas Eleventh Judicial District Court, case numbers 2020-CR-000021 and LBP-2023-CR-000237." Dkt. 1. The parties seeking removal include Matthew Lee, House of Noble, Agent, Princeton Kaolin Patterson, and Turtle Island Exchange Agency. *See id*.

　　　On June 4, 2024, the Court issued a Notice of Filing Deficiency, observing that the Court's filing fee had not been paid, and directing that the filing fee requirement must be satisfied with either the payment of the $52.00 removal fee or the filing of an application to proceed *in forma pauperis* (IFP). Dkt. 3. The notice set a July 5, 2024 deadline for satisfaction of the filing fee requirement. *Id.*

REPORT AND RECOMMENDATION - 1

On July 9, 2024, the Court received an application to proceed IFP from Matthew Lee. Dkt. 4. However, the document submitted does not provide any of the information requested in the application and necessary for a determination as to Lee's eligibility to proceed IFP. *See id*. Instead, Lee answers each of the questions on the form, including questions about employment, amounts and sources of money, and expenses, with "N/A", and states as follows in response to the question asking for any other information that will help explain why he cannot pay court fees and costs: "First Nation Treaty Exemption, Fiduciary Duties to Administer First Nation [affairs] in Honor." *Id*. at 1-2. The Court has not, moreover, received an IFP application from either Princeton Kaolin Patterson or Turtle Island Exchange Agency.

Pursuant to this Court's Local Civil Rules (LCR), a party must pay the Court's filing fee when it files or removes any civil action, except for proceedings IFP or as otherwise exempted by law. LCR 3(b). Further, "for leave to commence any civil action or to file any petition or motion without being required to prepay fees or costs", each petitioner or movant must complete an IFP application and a written consent for payment of costs form. LCR 3(c)(1)-(2). Completion of these forms enables the Court to determine whether or not the moving parties lack the financial resources to afford payment of the filing fee.

In this case, the filing fee has not been paid and the Court received only a single IFP application from one of three parties seeking to remove this matter to federal court. Further, in the single application submitted, the applicant declined to provide the information the Court requires to make a determination as to the applicant's eligibility to proceed IFP. The Court, for these reasons, recommends that the pending IFP application, Dkt. 4, be DENIED, and that this action be DISMISSED due to the failure to comply with the Court's filing fee requirement.

Dismissal should be without prejudice to a properly removed matter, accompanied by either the filing fee or motions to proceed IFP from all removing parties.

Dated this 10th day of July, 2024.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3