|   |   |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| STATE OF KANSAS, | CASE NO. 2:24-mc-00033-LK |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE |
| PRINCETON KAOLIN PATTERSON et al., | |
| Defendants. | |

This matter comes before the Court on pro se party Matthew Lee's Notice of Removal to Seattle Federal District Court, Dkt. No. 1; his application to proceed *in forma pauperis* ("IFP") in which he failed to provide the information the Court requires to determine an applicant's eligibility to proceed IFP, Dkt. No. 4;[1] and United States Magistrate Judge S. Kate Vaughan's Report and

---

[1] In the portion of the form asking the IFP applicant to "[p]rovide any other information that will help explain why you cannot pay court fees and costs," Mr. Lee wrote, "First Nation Treaty Exemption, Fiduciary Duties to Administer First Nation aff[ai]rs in Honor." Dkt. No. 4 at 2. Mr. Lee has not established that he is excused from the requirement to pay the filing fee or to file a completed IFP application.

ORDER DENYING IN FORMA - 1

Recommendation ("R&R") recommending dismissal due to the failure to comply with the Court's filing fee requirement, Dkt. No. 5.[2]

The Court, having reviewed the application, the R&R, and the remaining record, does hereby find and ORDER:

1) The Court ADOPTS the R&R, Dkt. No. 5;

2) The IFP application is DENIED, Dkt. No. 4, and this action is DISMISSED without prejudice due to the failure to comply with the Court's filing fee requirement; and

3) The Clerk is directed to send copies of this Order to the parties and to the Honorable S. Kate Vaughan.

Dated this 18th day of July, 2024.

Lauren King
United States District Judge

---

[2] Mr. Lee signed the IFP application and Notice of Removal on behalf of "Princeton Kaolin Patterson." Dkt. No. 1 at 5; Dkt. No. 5 at 2. While a non-attorney may appear pro se on his own behalf, Mr. Lee "has no authority to appear as an attorney for others than himself." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

DISMISSING CASE - 2